UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Colin Williams, <br><br> PLAINTIFF <br><br> v. <br><br> Daniel Stonebreaker, Jr.; Lee Brown; Lieutenant Hicks; Sergeant Purnell; SCDC; <br><br> DEFENDANTS. | Case No. 8:22-cv-01658-JFA <br><br><br> **ORDER** |

## I.   INTRODUCTION

Colin Williams, ("Plaintiff") filed this civil action against the above-named defendants alleging various violations of his rights under the United States Constitution. (ECF No. 1-1). The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Bristow Marchant. Though represented by counsel at the time the complaint was filed, Plaintiff's counsel withdrew from the case on November 10, 2023. Thereafter, Plaintiff elected to proceed *pro se*, having been advised of his responsibilities and the Court's rules and procedures for pro se litigants on November 13, 2024. (ECF No. 54).

On October 23, 2023, Defendants filed a motion for summary judgment. (ECF No. 43). Thereafter, the Court entered a *Roseboro* Order, advising Plaintiff of the need to file a response. Plaintiff ultimately filed his response in opposition on January 31, 2024. (ECF No. 77). The matter now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. (ECF No. 88). The Report

recommends that Defendants' motion for summary judgment be granted. (ECF No. 88 at 19). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The Report prepared by the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. (ECF No. 88). When the Report was issued, Plaintiff was advised of his right to file objections to the Report. *Id*. Specifically, Plaintiff was advised that objections were to be submitted by June 4, 2024. *Id*. To date, Plaintiff has submitted no objections to the Report. As Plaintiff has failed to raise any objections, the Court is not required to give an explanation for adopting the recommendation. A review of the Report and other related filings indicates that the Magistrate Judge correctly concluded that Defendants' motion for summary judgment should be granted.

### IV. CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the

Magistrate Judge, the Report, ECF No. 88, is **ACCEPTED**. The Motion for Summary Judgment, ECF No. 43, is **GRANTED**.

**IT IS SO ORDERED.**

July 15, 2024                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge